Salomon v. Central House Furnishing Co.

---

## Moses Salomon v. Central House Furnishing Company.

### Gen. No. 10,936.

1. BILL OF EXCEPTIONS—*when, essential to review.* The questions as to whether the trial court erred in assessing damages against the defendant upon the ground that his appeal from a justice was taken for delay and in failing to apportion the costs of such appeal, cannot be reviewed, in the absence of a bill of exceptions, inasmuch as both matters depend upon the consideration of the evidence adduced at the hearing.

Action commenced before justice of the peace. Appeal from the Cir-

cuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed February 13, 1904.

LEON HORNSTEIN, for appellant.

GARDNER & STERN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In a suit before a justice of the peace, appellee recovered a judgment against appellant for $86.62. On appeal, the Circuit Court found the issue for plaintiff, assessed plaintiff's damages at $75 and for said sum and $7.50 damages for delay, $82.50, rendered judgment against appellant.

Appellant here contends that the court erred in assessing damages against him upon the ground that the appeal was for delay, and, also, that the court erred in not apportioning the costs.

There is no bill of exceptions in the record. Whether the appeal was prosecuted for delay, was a question of fact for the Circuit Court, to be decided from all the evidence, not from the simple fact that the amount found due the plaintiff was less than the amount of the judgment before the justice. The record does not show that appellant moved in the Circuit Court that the costs be apportioned. The provision of the statute is, that in cases of partial reversal, the court *may* apportion the costs, not that in such case the costs shall be apportioned. Whether in a case of partial reversal the costs shall be apportioned was, like the question whether damages shall be allowed on the ground that the appeal was taken for delay, a question for the decision of the Circuit Court upon all the evidence. And that decision cannot be reviewed in this court except upon a bill of exceptions which contains all the evidence.

" Nothing is to be presumed against a judgment, but the inference is that it is right, until the contrary appears, and it will not be disturbed unless for error manifestly apparent." Graham v. Dixon, 3 Scam. 115.

The judgment will be affirmed.

*Affirmed.*